**John CABALES, Petitioner–Appellant,**

v.

**Robert AYERS, Jr. and Bill Lockyer, Attorney General, Respondents–Appellees.**

**No. 07–16403.**

United States Court of Appeals, Ninth Circuit.

Submitted May 24, 2011.*

Filed May 27, 2011.

John Cabales, San Quentin, CA, pro se.

Scott C. Mather, Esquire, Office of the California Attorney General, San Francisco, CA, for Respondents–Appellees.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: PREGERSON, THOMAS, and PAEZ, Circuit Judges.

MEMORANDUM **

California state prisoner, John Cabales, appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 petition. We dismiss.

Cabales contends that the Board of Parole Hearings' 2005 decision to deny him parole was not supported by "some evidence" and therefore violated his due process rights. After the briefing was completed in this case, this court held that a certificate of appealability ("COA") is required to challenge the denial of parole. *See Hayward v. Marshall,* 603 F.3d 546, 554–55 (9th Cir.2010) (en banc). Now the Supreme Court has held that the only federal right at issue when there is a liberty interest in parole is procedural, and the only proper inquiry is what process the inmate received, not whether the state court decided the case correctly. *See Swarthout v. Cooke,* — U.S. —, 131 S.Ct. 859, 863, 178 L.Ed.2d 732 (2011) (per curiam). Because Cabales raises no procedural challenges regarding his parole hearing, a COA may not issue on this claim, and we dismiss the appeal for lack of jurisdiction. *See* 28 U.S.C. § 2253(c)(2).

Further, because Cabales has not made a substantial showing of the denial of a

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

constitutional right on his other claims, we decline to certify those claims.

**DISMISSED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.